Cochran et al. *v.* McDowell.

ADAM JESSE COCHRAN, by his Guardian, and Mary Johnson, Administratrix, &c., Plaintiffs in Error, *v.* WILLIAM McDOWELL, Defendant in Error.

ERROR TO MASSAC.

The declaration of a father in his lifetime, that he had at a previous period acquired land in the name of his child, with the design of defeating creditors, cannot be considered as testimony to divest the interest of the child.
As against an infant every thing must be proved, a guardian cannot make admissions to bind an infant.

THE decree in this case was entered by DENNING, Judge, upon bill, answer, replication, and proofs, at June term, 1851, of the Massac Circuit Court. The facts of the case are sufficiently stated in the opinion of the court.

R. S. NELSON, for plaintiffs in error.

T. G. C. DAVIS and J. JACK, for defendant in error.

Cochran et al. *v.* McDowell.

CATON, J.   The bill, which was filed by the administrator of Whitten against Adam Jesse Cochran and the administratrix of Adam Cochran, deceased, alleges the recovery of a judgment by the complainant against the said administratrix, and that the estate of Adam Cochran was insolvent.   The bill further charges, that Adam Cochran in his lifetime entered a certain tract of land therein described, with his own funds, in the name of Adam Jesse Cochran, his infant son, with the view to defraud his creditors, and prays that the said land may be subjected to the payment of the judgment.

A guardian *ad litem* was appointed for the infant defendant, who filed an answer, the substance of which it is unnecessary to state, as no admissions which it contains can bind the infant, or relieve the complainant from the necessity of establishing his entire case by proof, as against the infant.

The administratrix answered, admitting the record of the judgment, but insisting that she was never served with process in the suit at law, or had any notice of its pendency, and that the judgment was obtained by fraud and connivance.   She also admits the entry of the land by the intestate as alleged, but denies the fraudulent intent, and insists that it was so entered as an advance to his infant son in consideration of natural love and affection, and denies the insolvency of the estate.   The guardian *ad litem* also filed a plea in bar of a former suit, for the same cause, by the same complainant, against Adam Jesse Cochran, which was dismissed, because the administratrix had not been made a party.   To this plea a demurrer was filed, but no further notice seems to have been taken of it by the parties or the court.   In order to bring the question of the legal sufficiency of the plea before the court, the proper practice is to set the plea for hearing instead of demurring to it.   If we, however, consider the demurrer as equivalent to setting the plea for hearing, and as the question may again arise in the court below, we may express the opinion that the plea does not present a bar to the present bill.   There was then no adjudication upon the merits of the controversy, or matter in litigation, but the bill was dismissed for want of proper parties.

The evidence upon the hearing consisted, first, of an exemplification of the judgment at law, showing a judgment by confession against the administratrix; second, a certificate from the register of the land-office, showing an entry of the land by the infant, Adam Jesse Cochran; and third, testimony tending to show the insolvency of the estate, and also the testimony of a witness, stating that Adam Cochran had in his lifetime told

the witness that he had entered the land with his own money in the name of his son, for the purpose of keeping it from his creditors.

The administratrix introduced proof showing that she was not served with process in the action at law, and tending to show that she had no notice of it, and that the judgment was entered upon a *cognovit* executed by a former administrator who had been removed prior to the entry of the judgment. Indeed I think the weight of evidence pretty clearly establishes that such was the case. The court rendered a decree that the land be sold for the satisfaction of the judgment.

Without stopping to inquire whether there is sufficient proof to justify the court in holding the judgment at law to be void in a collateral suit, there can be no question that the proof is entirely insufficient to justify the decree which was entered as against the infant. As before remarked, as to him every thing must be proved. The guardian can admit nothing. The certificate of the register of the land-office shows, *primâ facie*, that the land was entered by him, and in the absence of proof to the contrary, the presumption is that it was entered with his own money. The only evidence adduced that the land was purchased with the money of the father, is his declaration to the witness during his lifetime. It has been repeatedly held by this court that such declarations are not evidence against the son. They are no more evidence against the son, than would be the declarations of any other third person. To admit the father thus to appropriate the lands of his son to the payment of his own debts, would be in violation of every principle of law. The relation of parent and child gives the father no such right ; and had the owner of the land been a stranger, no one would have thought such interested declarations competent to divest the legal holder of the title of his interest in the premises. It is in the fullest sense of the term hearsay testimony, and that too of the most questionable character upon principle ; for the party whose declarations are sworn to had a legal interest in depriving the owner of his land, and appropriating it to the payment of his own debts. I trust that real estate in this country is held by a safer tenure than this.

The decree of the circuit court must be reversed, and the suit remanded.

*Decree reversed.*