# Whitehead *v.* Jones.

*Bill in Equity by Purchaser under Administrator's Sale, against Heirs, for Conveyance of Title, and Injunction of Action at Law.*

1. *Sale of lands by administrator, under probate decree, for division among heirs; when purchaser may compel divestiture of legal title.*—When a purchaser of lands, sold by an administrator under a probate decree for division among the heirs-at-law, seeks in equity to enjoin an action at law by the heirs, and to compel a divestiture of the legal title, he must not only show that the Probate Court acquired jurisdiction to order the sale, but that the order was actually made, that the land was sold under it, that the sale was reported to the court and confirmed, that the purchase-money was paid, and that a conveyance was ordered to be made to the purchaser; and these orders must be shown by the records of the court, or by such *quasi*-record memoranda as would authorize the entry of the proper orders *nunc pro tunc.*

VOL. LVI.

[Whitehead v. Jones.]

2. *Same; receipt of purchase-money by heirs.*—The receipt by the adult heirs, from the administrator, of their respective portions of the purchase-money of lands sold for division, if knowingly accepted, might amount to a ratification of the sale, and give the purchaser an equity to demand a legal title from them, notwithstanding any defects in the sale; but the title of the infant heirs could not be affected by their guardian's receipt of their portion of the money.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. W. C. McIVER, an attorney and solicitor of the court, acting as special chancellor, by agreement and selection of the parties, on account of the incompetency of the Hon. N. S. GRAHAM.

The bill in this case was filed on the 14th April, 1877, by John E. Jones, against Augustus Whitehead and others, heirs-at-law of John T. Whitehead, deceased; and sought to enjoin an action at law, which the defendants were prosecuting against the complainant for the recovery of a tract of land, and to compel a divestiture of the legal title to the land out of the defendants. The land belonged to the said John T. Whitehead at the time of his death, and was sold by the administrator of his estate, in 1862–3, for equitable division among the heirs; was bought at that sale by Mrs. Anna F. Howard, and was sold and conveyed by her heirs, in 1870, to the complainant. The material facts are stated in the opinion of the court. A demurrer to the bill, and a motion to dismiss for want of equity, were overruled by the special chancellor; and his decree is now assigned as error.

S. B. PAINE, for appellant.—1. The bill seeks, in effect, to correct the defective execution of a statutory power, and to dispense with the formalities required by law in sales of lands by administrators. That a court of equity will not interfere in such cases, see *McBryde v. Wilkinson*, 29 Ala. 662; *Waddell v. Weaver's Adm'r*, 42 Ala. 293; *Elliott v. Wade*, 47 Ala. 464.

2. The bill shows that no order of sale was ever made by the Probate Court, and that the sale was never confirmed by it. These radical defects could not be remedied by the proposed amendment *nunc pro tunc.*—*Dunlap v. Horton*, 49 Ala. 412; *Hudson v. Hudson*, 20 Ala. 365; *Dabney v. Mitchell*, at the last term.

ABERCROMBIE & GRAHAM, *contra.*—1. The petition of the administrator gave the court jurisdiction to order the sale; and the jurisdiction having attached, the validity of the sale is not affected by any irregularities afterwards intervening. *Satcher v. Satcher*, 41 Ala. 26; *King v. Kent*, 29 Ala. 542; *Matheson v. Hearin*, 29 Ala. 210; *Field v. Goldsby*, 28 Ala. 218.

The only defect, or omission in the proceedings, was the failure to record the order of sale and the order confirming the sale; and these defects were fully cured and remedied by the decree rendered *nunc pro tunc* January 10, 1865. *Bryan v Streeter*, at the present term.

2. The purchaser at the administrator's sale, having only a perfect equity, cannot defend the action at law, but may come into equity for relief.—*Lightfoot v. Lewis*, 1 Ala. 475; *Bonner v. Greenlee's Heirs*, 6 Ala. 411; *Hudgens v. Jackson*, 51 Ala. 514; *Bell v. Craig*, 52 Ala. 215.

3. Although the sale by the administrator may be void, yet the payment of the purchase-money, and its receipt by the heirs, amount to a ratification of it, and entitle the purchaser to demand the legal title.—*Bell v. Craig*, 52 Ala. 215; *Bland v. Bowie*, at December term, 1875.

MANNING, J.—In 1862, or early in 1863, upon a petition of the administrator of the estate which was of John T. Whitehead, deceased, to the Probate Court of Macon county, the land of said estate in tnat county was sold for division among the heirs, and bought by Mrs. Anna F. Howard, who had possession of it from that time, until her death. In 1870, appellee, Jones, whose wife was one of said heirs, bought and received possession of the same property, from the heirs of Mrs. Howard; and in the spring of 1875, appellants, heirs of Whitehead, sued to recover it of Jones. To enjoin them from prosecuting their action against him, Jones filed his bill in the cause brought before us by this appeal. The bill shows that, when the sale was made to Mrs. Howard, the administrator did not execute a conveyance to her, and that in fact no entry was made, when the petition for the sale was filed in 1862, of the order which, it is alleged, the probate judge made, that the land be sold, or of the report by the administrator of his sale thereof, or of any order confirming it; although, in November, 1864, the administrator filed, and afterwards finally settled, the accounts of his administration, charging himself therein with $22,000, the price for which the land was sold, and which, under the decree of distribution, rendered by the court, was paid to, and received and receipted for, by the heirs of Whitehead, the guardians of those under age receiving and receipting for the shares of the minors, respectively.

An injunction having been granted by a circuit judge, motions were made by appellants, who demurred to the bill, to dismiss it for want of equity, to dismiss it upon the demurrer, and to dissolve the injunction for want of equity

in the bill; which motions being all overruled, defendants appealed to this court.

The bill sets forth, in addition to the above, that a motion was made in the Probate Court, in January, 1865, and granted, to amend its record, *nunc pro tunc*, so as to set out its decree ordering the land to be sold, and its decree confirming the sale; and an exhibit is made of what is represented to be the decrees so amended. But this exhibit is only a recital of the motion to that effect, and of the order of the court that it be granted—not a copy of the decrees which we suppose were intended to be entered in pursuance of such order. If there be any such decrees, they are not set forth.

Complainant, Jones, being the actor in the present suit, undertook affirmatively to make it appear that he was entitled to have defendants enjoined from prosecuting their action for the land against him. So far as his right depends upon his showing that there was a sale of the land according to law, under the order of the Probate Court, by the administrator of Whitehead's estate, it is not established by his bill and the exhibits thereto. It was incumbent on him to show, not only that jurisdiction was acquired by that court, to proceed and act upon the matter of the petition, but that it did make an order that the land be sold; that the land was sold, and a report thereof made to the court; that the court, being "satisfied that the sale was fairly conducted, and the land sold for an amount not greatly disproportioned to its real value," made an order confirming the sale; that the purchase-money was paid, and a report made of the payment to the court; and that it thereupon ordered a conveyance of the land to the purchaser. It is only by such proceedings in the Probate Court, that the administrator of Whitehead's estate could be empowered to transfer the legal title from the heirs, to a purchaser from him, or that the purchaser could show, by the records of the Probate Court alone, that he had acquired a perfect equity from the administrator, to realty which had descended to the heirs.

What is the evidence of such judicial proceedings, in the present case? It must be found in the records of that court, and not elsewhere, if they have not been destroyed, or carried off, or lost. There is no averment that any thing of this sort has happened; nor is it shown that there are any entries in those records, of any of the orders above mentioned; and if entries thereof were not originally made, and there are no record, or *quasi*-record memoranda, existing, by which such entries might be made *nunc pro tunc*, then no right can be based upon the supposed action of the court, or upon proof,

however otherwise made, that the judge of that court intended and promised to have such orders entered, or orally ordered a sale, and a confirmation of it.

There is nothing, then, in this bill, to impair the title of the minor heirs of Whitehead. Their rights are not divested because their guardians accepted a price for the lands of their wards, without being authorized by law to do so. Such a payment could not operate to transfer the title. Even the deeds of the guardians would not have that effect. It would be otherwise, though, with respect to the heirs of mature age, who knowingly accepted from the administrator the price for their lands which he received of the person who purchased them at the sale made by him. This might amount to a ratification of the sale, and vest in the purchaser an equity to demand and receive a legal title from them.—*Bell v. Craig*, 52 Ala. 215.

But, besides the defects we have adverted to in the records of the Probate Court, it does not appear by the bill, or any exhibit thereto, whether the sale alleged to have been made by the administrator was a sale for cash, or on a credit; nor whether a report was ever made by him to the court, that Mrs. Howard had paid for the land; nor whether she, in fact, ever did pay for it. True, it might be inferred, argumentatively, from the allegation that the administrator charged himself, in his settlement, with the amount for which the land had been sold, and paid the same over to the heirs, that it had probably been paid to him by the purchaser. But pleadings must be taken most strongly against those who file them ; and the averments of the bill may be true, and yet the price of the land be still due from the estate, or representatives of the deceased Mrs. Howard. If this be so, she did not acquire a perfect equity; nor, consequently, could a perfect equity be conveyed by her heirs to the complainant. We need not inquire how, in such a case, the adult heirs of Whitehead retained the title—whether in their own right, or as trustees for the administrator; since, in either case, complainant would not be entitled to a decree to have it transferred to him.

In the present condition of the pleadings, the orders of the special chancellor must be reversed, and the cause be remanded, for such other action therein as complainant may be advised to take.