## WILLIAM BEARINGER v. ROLLIN H. PELTON.

*Administrators — Equity — Partition — Dower — Infancy — General guardian—Cannot bind infants by consent decree.*

A father conveyed two parcels of land—one his homestead—to his son, the mother not joining in the deed, and remaining in possession of the homestead until the death of the son, who left a widow and minor children surviving him. After the appointment of an administrator of the son's estate, a second son filed a bill against his mother, the administrator, and the said widow and minor children, to set aside said deed for fraud and other causes, and praying partition of both parcels; in which

bill he recognized and asserted the dower interest of his mother, who was in sympathy with him in the suit, although a nominal defendant, and who filed a cross-bill against the complainant and her co-defendants asking assignment and partition of dower on one parcel of said land, and a life-estate in the homestead forty acres, and damages for her past dower since her husband's death, which occurred some years prior to that of her son. The administrator, and the son's widow and heirs, answered the cross-bill, and admitted the mother's right to dower, unless barred by statutory limitation, and also claimed the benefit of a demurrer. At the close of the litigation a consent decree was made fixing a certain sum as due the mother for dower, which the administrator paid, and which was allowed to him on the settlement of his final account, from which an appeal was taken and said allowance affirmed; and in reviewing said decision the following propositions are stated:

1. The cross-bill of the mother was not called for by anything in the original bill, and was unnecessary so far as the land was concerned. Her claim for arrears of dower, if valid at all, was one against the administrator, and did not concern the heirs, except through him. Her husband's death extinguished the homestead right sought to be asserted, if it had existed, and there was no occasion to go into equity for her dower in any of the land.

2. If the mother had any claim for arrearages against the intestate (her son) when he died, it should have been established separately as a claim against his estate. It could not properly be mixed up with any claim against his heirs after his death, which could only be made out by proceedings in ejectment as damages for withholding the possession after the right of dower was determined.

3. Infants sued are under the law to be defended by guardian *ad litem*, and not by general guardian, nor has a general guardian the right to bind the infants by a consent decree.

4. The claim for dower paid to the mother by the administrator is disallowed, and the decree otherwise affirmed.

Case made from Ottawa. (Arnold, J.) Argued October 25, 1889. Decided November 15, 1889.

Appeal from order allowing an administrator's final account. Reversed as to dower payment, and affirmed as to balance. The facts are stated in the opinion.

*Frank L. Carpenter*, for appellant.

*George A. Farr*, for defendant.

CAMPBELL, J. This case brings up the settlement of defendant's account as administrator of the estate of Orwin A. Lord, deceased. The case on the record is peculiar. It was appealed from the probate court of Ottawa county, and the Ottawa circuit court made a reduction against defendant's outlays for counsel, but allowed him everything else. He appeals against this reduction, while the guardian of infant heirs appeals from a large part of the allowance for various outlays as not justified by law. Had the parties interested all been of age, and capable of estoppel, we should not be disposed to disturb what was no doubt an honest course of dealings. But we have no authority to allow illegal dealings as against infants, and we think there were some such here.

Orwin A. Lord died November 19, 1880, leaving a widow, Mary J. Lord, and three minor children. Defendant, Pelton, was appointed administrator in January, 1881. The estate consisted of two 40-acre lots, lying together, and appraised at $1,200 each (making $2,400), and $1,116.60 personal property. No accounts against deceased were ever presented against his estate, and in March, 1884, an account was filed bringing the estate in debt to defendant for matters occurring entirely after the death of the intestate as expenses of litigation. The final account now appealed from is made up of additional expenses of the same kind and of a payment of a dower claim of the intestate's mother in the land. In order to meet this, the administrator raised $700 by mortgage on one of the parcels of land.

As appellant claims that this litigation did not concern

the administrator wholly, if at all, it requires explanation.

Orin Lord, father of Orwin, once owned the land in question, and it is claimed, and is so established, conveyed it to Orwin during his life-time. He left a widow, Abigail Lord, and a son, Francis, and the intestate, surviving him. The intestate was in possession of the property. In 1881, shortly after the administrator got his letters, Francis Lord filed an amended bill against Abigail Lord, the widow of Orin, and against defendant and the widow and heirs of intestate, to set aside the conveyance from his father to Orwin for fraud and other causes, and praying partition of both parcels, recognizing and asserting Abigail's dower interests. On this bill the decree was against complainant. Abigail Lord filed a cross-bill against complainant and the other defendants, asserting that she had supposed Orwin had good title until recently, asking assignment and partition of dower on one lot and life-estate in the other, and damages for her past dower since her husband's death.

In their answer to this cross-bill defendant and intestate's widow and heirs admitted Abigail's right to dower, unless barred by statutory limitation, and claimed it was so barred, and also claimed the benefit of demurrer. At the close of the litigation a sum of $360 was settled by consent decree as due Abigail for dower, and this sum is a chief part of the claim of defendant. He also claims expenses of litigation, which included $435.43 paid his solicitor, which last item the circuit court reduced to $200.

The original bill did not dispute Abigail's dower, and had partition been granted the complainant admitted it would be set out. But whatever arrears of dower were due from intestate in no way concerned complainant, and were not referred to in his bill.

Abigail Lord's cross-bill was not called for by anything in the original bill, and was unnecessary, so far as the land was concerned. Her claim for arrears of dower, if valid at all, was one against the administrator of intestate, and did not concern the heirs, except through him. She claimed an entire homestead right in one of the forties for life, and dower in the other. Her husband's death would have extinguished the homestead, if it had existed, and there was no occasion to go into equity for her dower in any of the land.

This cross-bill contained nothing on which she was entitled to relief in equity against intestate's estate or heirs or the original complainant. It was fatally demurrable, and would have been so held if this point had been pressed, as it should have been. The decree, however, dismissing the original bill, which was the only one making any equitable case, proceeded to decree to Abigail arrears of dower from the death of her husband, and referred the ascertainment to a commissioner. After this a decree was made by written consent of Abigail Lord, defendant, and Mary J. Lord, as general guardian, fixing the damages up to 1883 at $300, and for that year at $60. It was under this decree that defendant paid that sum, which the circuit court regarded as proper to be allowed to defendant, because no more than the heirs and estate would have had to pay, at any rate.

But we do not so regard it. If Abigail Lord had any claim for arrearages against intestate when he died, it should have been established separately as a claim against his estate. It could not properly be mixed up with any claim against his heirs after his death, which could only be made out by proceedings in ejectment as damages for withholding the possession after the right of dower was determined. Infants sued are under the law to be

defended by guardian *ad litem,* and not by general guardian. If the claim for arrears had been presented for proof, it would have been the duty of the administrator to defend, if there was any defense, in whole or in part. We have no means of knowing just what sums should have been allowed. It is very certain that a part of the claim was outlawed before intestate's death, and that the decree provided for no deduction on that account. It is also certain that the administrator was not accountable for dower after intestate's death, and had no right to pay it. The general guardian had no right to bind the infants by a consent decree. *Burt v. McBain,* 29 Mich. 260; *Wood v. Truax,* 39 Id. 628; *Claxton v. Claxton,* 56 Id. 557 (23 N. W. Rep. 310); *Chandler v. McKinney,* 6 Id. 217. The allowance actually made was also made after some sort of deduction of counter-claims or reductions arising from Abigail's being in joint possession. What these amounts were, or how far her joint possession would have extinguished her dower, we have no means of judging.

While it might be proper, in such a controversy as this on behalf of the heirs, to look at the equities, and not require the administrator to account for what he would have a claim for in another shape, we are met with the difficulty that it is absolutely impossible to determine how much Abigail Lord ought to have had, and that impossibility arises from the manner in which the controversy was conducted. The administrator, by a consent agreement, cut off an appeal which must have resulted in the dismissal of the cross-bill.

The court below thought that a part of the litigation was necessary, as the original bill had to be defended, and held that $200 was not an unreasonable amount. While we think the chancery business was not managed as it should have been for the interest of the estate, we

are not disposed to disturb this allowance, although it is certainly very liberal, under the circumstances. But the whole amounts paid to Abigail Lord must be disallowed. With that exception the account will stand as fixed by the circuit court. Interest at 6 per cent. must be allowed on the $360 paid Abigail.

The decree below must be reversed as to this dower payment, with costs of this Court, and affirmed as to the balance. The issues being clear, we have not deemed it necessary to discuss the technical questions presented by the argument.

CHAMPLIN, MORSE, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.