CHARLES WEAVER *v.* STATE OF INDIANA.

[No. 577S311. Filed August 2, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Kyle M. Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Weaver was convicted of first-degree murder at the conclusion of a jury trial in the LaPorte Superior Court on June 7, 1963, and was sentenced to life imprisonment. This conviction was appealed to this court and affirmed. *Weaver* v. *State,* (1966) 247 Ind. 315, 215 N.E.2d 533. In January of 1973, appellant filed a petition for post-conviction relief pursuant to Ind. R. P. C. 1. This petition was denied, and the present appeal follows.

The sole question for our review is whether the standards for the admissibility of the confessions of juveniles, which this court enunciated in *Lewis* v. *State,* (1972) 259 Ind. 431, 299 N.E.2d 138, apply retroactively. The factors to be considered in determining whether a

constitutional rule of criminal procedure should have retroactive application, as stated by this court and the Supreme Court of the United States, were thoroughly discussed and analyzed by Judge Staton of the Indiana Court of Appeals in *Berry* v. *State,* (1975) 162 Ind. App. 626, 321 N.E.2d 207. These factors include the purpose of the new rule of law, the reliance by the courts and law enforcement officials for authority on the old rule of law, and the effect of retroactive application on the administration of the system of criminal justice. We have considered the *Lewis* rule in light of these factors, and hold that it should not have retroactive application. Appellant Weaver's confession was previously found to be voluntary by this court in the earlier opinion, under the law then applicable. *Weaver, supra,* 247 Ind. at 317-20, 215 N.E.2d at 534-36. No error is thus presented in this appeal.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 378 N.E.2d 858.