Donald Lee STEWART, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 785S287.

Supreme Court of Indiana.

Jan. 28, 1988.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On November 4, 1982, Defendant–Appellant Donald L. Stewart was charged in Marion County Superior Court, Criminal Division Four, with burglary and theft.

On April 29, 1983, Stewart entered a plea of guilty to burglary, a class B felony, and the theft charge was dismissed pursuant to Stewart's plea agreement. On May 27, 1983, Stewart was sentenced to a term of twelve (12) years imprisonment.

On February 29, 1984, Stewart filed a *pro se* Petition for Post–Conviction Relief. The petition was twice amended, once *pro se* and once by counsel. The court denied Stewart's petition on March 6, 1985. Stewart directly appeals that denial raising five issues for our review:

1. failing to advise Stewart of the possible sentencing consequences of his guilty plea;

2. sufficiency of a factual basis supporting the conviction;

3. sufficiency of the reasons set forth for increasing Stewart's sentence two (2) years above the presumptive term;

4. effective assistance of trial counsel; and

5. validity of guilty plea despite alleged inaccuracies in the probable cause affidavit.

A post-conviction action under Ind.R.P.C. 1 is a special quasi-civil remedy whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial or appeal. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60. As such, the petitioner in a post-conviction proceeding bears the burden to prove any grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. The reviewing court will therefore not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Id.*

I

Stewart alleges his guilty plea is invalid because the court failed to advise him of the possibility of imposition of consecutive sentences prior to acceptance of

his guilty plea. The present standard of review on guilty pleas requires a showing of prejudice by the petitioner. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. "A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent." *White*, 497 N.E.2d at 905.

Stewart contends imposition of consecutive sentences was an imminent possibility because he was facing two separate charges in this cause, as well as a third charge pending in another cause. Stewart was not sentenced to any consecutive terms by the trial court. Neither does he claim or show he received any consecutive terms as a result of this action. The court was bound by the plea agreement which stated Stewart would receive a twelve (12) year sentence, to be served concurrently with his sentence in a felony case pending in another court. This he received. Additionally, the record indicates Stewart was advised by the court his sentence could be served consecutively to any unexpired sentence for which he was on probation or parole and he indicated he understood. Stewart fails to carry his burden on this issue.

## II

Stewart contends the court failed to establish a sufficient factual basis for the acceptance of his guilty plea. He asserts the prosecutor's reading of the information did not fulfill the requirement of Ind.Code § 35–35–1–3(b) that the court be satisfied of the existence of a factual basis from its examination of Stewart.

■ A defendant's statement that he understands the charge against him and understands that by pleading guilty he is admitting he committed the crime charged is sufficient to establish a factual basis for a guilty plea. *Neeley v. State* (1983), Ind., 457 N.E.2d 532, 536. The defendant's admission of his guilt following a reading of the allegations by the prosecutor meets the factual basis requirements. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1129, *citing Lombardo v. State* (1981), Ind., 429 N.E.2d 243 and *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048.

■ Here, the deputy prosecutor summarized the evidence that at approximately 1:15 in the afternoon of October 27, 1982, police officers were dispatched to 3707 North Emerson Avenue where they had a report of a burglary in progress. When the police officers arrived, they found a taxicab parked in the driveway loaded with several household items. The driver indicated someone was in the process of moving some household items from the house to another location. A police helicopter appeared overhead and observed a man run from the back of the house into a wooded area. They gave chase but lost the subject. A glass tabletop found in the cab yielded a fingerprint which matched Stewart's fingerprints. The homeowner indicated that no one, including Stewart, had permission to be in her house nor to remove the items. The court then asked Stewart and his attorney whether they wished to question the State's evidence. They did not. The court then asked Stewart if he had heard the evidence. Stewart replied he had heard the evidence and he agreed it was accurate. Thus, the record supports the court's finding that a factual basis for Stewart's guilty plea existed.

## III

■ Stewart claims the trial court erred by failing to state its reasons for imposing a sentence greater than the presumptive sentence for a class B felony. However, if a court accepts a plea agreement, the court is strictly bound by the sentencing provision of the agreement and is foreclosed from any further exercise of its sentencing discretion. *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 207. Here the court clearly indicated in the record that the sentence was imposed pursuant to a

binding plea agreement. Thus, the court committed no error.

## IV

Stewart contends his attorney rendered ineffective assistance by failing to investigate his case adequately. Stewart claims his attorney's failure to interview all available witnesses before advising him to plead guilty constituted professionally unreasonable conduct.

 Judicial scrutiny of an attorney's performance is highly deferential. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, Stewart must show that his attorney's performance was deficient and that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Jones v. State* (1986), Ind., 495 N.E.2d 532, 534. It is presumed that counsel has discharged his duty fully, and strong and convincing evidence is required to rebut this presumption. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448, 451.

 Stewart complains his trial counsel, John Carson, decided he should plead guilty after talking to only Detective Taylor. Stewart asserts this did not constitute a proper investigation into the facts of the case necessary to support a strategy decision for his defense pursuant to *Thomas v. State* (1969), 251 Ind. 546, 242 N.E.2d 919 and *White v. State* (1981), Ind.App., 414 N.E.2d 973. However, Attorney Carson testified he talked to Detective Don Taylor, Stewart, and several members of Stewart's family. Due to his concern that Stewart might be adjudged to be an habitual offender, he advised Stewart to plead guilty. Carson stated Stewart never indicated he preferred to go to trial. Stewart has failed to show that other potential witnesses would have provided Carson with evidence which would have assisted in Stewart's defense. Stewart has not shown how his attorney's conduct was ineffective.

## V

 Stewart contends Detective Taylor committed perjury in swearing the Affidavit of Probable Cause and the allegedly false statements render his conviction invalid.

The affidavit stated a witness identified Stewart's photograph from an array on October 3, weeks before the burglary, which took place on October 27. At the post-conviction hearing, Detective Taylor testified the statement in the affidavit was a mistake as the witness actually viewed the photographs on November 2 or 3. The court concluded that the error was obvious and did not prejudice Stewart or hinder his defense.

The probable cause affidavit also contains the statement: "Entry into this residence was gained by breaking the glass in the rear door and unlocking it." At the post-conviction hearing, two police officers and Detective Taylor testified the rear door was open when they arrived. Stewart submitted the residence owner's contradictory affidavit stating that although the window was broken, the rear door was locked.

The post-conviction rules permit relief when a petitioner can demonstrate the existence of previously unknown material facts. Ind.R.P.C. 1 § 1(a)(4). The factual conflicts alleged by Stewart are matters of which Stewart admits he was aware before he pleaded guilty. Thus, these allegations present nothing on which to grant relief.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.