Roy TURNER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 49A02-8911-PC-605.

Court of Appeals of Indiana,
Second District.

March 26, 1991.

Susan K. Carpenter, Public Defender of Ind., John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Roy Turner (Turner) appeals the denial of his request for post-conviction relief. We reverse.

On September 17, 1965, a charge was filed against Turner in connection with the theft of a vehicle. On that same date, the Marion County Juvenile Court found that Turner was seventeen years old and charged with an offense that would be a felony if committed by an adult. On this basis, the Juvenile Court waived jurisdiction. On September 23, 1965, Turner was formally charged with theft in Marion County Criminal Court. Turner turned eighteen on October 18, 1965.

On December 22, 1965, Turner indicated his desire to plead guilty "as charged". Record at 32. The court advised Turner of his right to either a jury or bench trial. Following testimony from the owner of the stolen vehicle, the driver, the investigating officer, and the accused, the court accepted Turner's plea. He received a six-month sentence.

Turner's post-conviction relief petition, initially filed November 10, 1987, and amended March 30, 1989, challenged the voluntariness of his guilty plea as well as the effectiveness of his counsel. Following hearings conducted May 5 and June 16, 1989, the petition was denied. Turner's appeal presents five issues, one of which is dispositive: Whether the post-conviction court erred in denying relief because there was no factual basis for the plea.

Although Turner's plea was entered prior to 1973, the effective date of I.C. 35–4.1–1–4(b) (now at 35–35–1–3(b)), a factual basis as a requisite for the plea was recognized. *See Harshman v. State* (1953) 232 Ind. 618, 115 N.E.2d 501; *Belcher v. State* (1989) 2d Dist. Ind.App., 546 N.E.2d 1276, 1279, *trans. denied.* At the post-conviction proceedings, the transcript of Turner's guilty plea hearing was introduced. At that hearing, Kenneth Burton had testified that on the evening of September 12, 1965, he had driven his father's car to a bowling alley. Although he had left the vehicle unlocked, he had the ignition keys with him. Kenneth testified that he had parked the car at the bowling alley at approximately 8:30 P.M. and that when he returned about forty-five minutes later, the vehicle was missing. When asked by the prosecutor whether he had given Turner permission to use the car, Kenneth responded that he had "never seen him before". Record at 35. Raymond Burton testified as well. His testimony estab-

lished that he was Kenneth's father and the owner of the vehicle.

Sergeant White, the investigating officer, testified at the guilty plea hearing that:

"On October 16th I interrogated Charles Roy Turner in regards to this said car and on this date he gave an oral statement which was reduced to writing." Record at 37.

The oral statement, introduced as Exhibit One, was apparently admitted without objection at the guilty plea hearing. The officer testified that the car was recovered by another officer and that he, himself, had never seen the car. He indicated that to his knowledge the car was not damaged. The officer's statement that Turner cooperated with him concluded his testimony.

Exhibit One was not presented at the post-conviction proceedings. Turner produced an affidavit of the court reporter responsible for preparing the transcript of the guilty plea proceedings, stating in pertinent part:

"That transcript has been prepared. The Record indicates a State's Exhibit One was admitted into evidence at that hearing.... I was asked by the State Public Defender's Office to locate that exhibit.... After diligent search, I am unable to find this exhibit." Record at 87.

A paralegal with the Public Defender's office testified at the post-conviction proceedings that she had also attempted to locate the exhibit. In addition to contacting the court reporter, the paralegal sought to locate the document through the Indianapolis Police Department. At the post-conviction proceedings, the paralegal produced an affidavit from an officer in the Identification and Records Division of the Indianapolis Police Department who stated that he was unable to locate the file. The paralegal also tried to contact the officer who testified at the guilty plea hearing, but discovered that he had died in 1984.

In addition, the paralegal attempted to contact the person who was believed to be the court reporter responsible for the original transcription of the guilty plea hearing. The paralegal testified that although she was able to obtain an address for the reporter and did send a letter, she received no reply.

At the post-conviction proceedings, Turner also presented the testimony of the prosecutor in the original case. With regard to the missing exhibit, the former deputy prosecutor testified as follows:

"Q: Do you recall that an exhibit was admitted at the guilty plea hearing which purportedly was a statement made by Mr. Turner prior to the guilty plea?

A: I have no reason to doubt that. I remember the two police officers White and Mize, it was a garden variety car-taking. And if the record says that I offered the statement as part of the factual basis, I offered the statement as part of the factual basis.

Q: Do you recall what was in that statement?

A: Oh, no. Probably admitted the offense and the—which were brought out to some extent on the record.

Q: But you don't have any personal recollection of what was in the statement?

A: Oh, no, not specifically, no. We didn't put statements in unless they covered all of the elements of the offense.

Q: Do you have any idea where that statement would be now?

A: No, the court reporter would have kept it." Record at 77–78.

The prosecutor testified repeatedly that he believed that Turner had been sentenced for "joy-riding", a misdemeanor. Turner also testified that he thought he was pleading guilty to joy-riding, although he acknowledged that the original charge was for theft. Turner stated that he would not have pled guilty to theft because he was not guilty of that act. He explained that another person picked him up in the car and that Turner had no knowledge that it had been stolen.

Without the statement, there is no evidence connecting Turner to the crime of theft. Turner's testimony at the guilty plea hearing does not identify the contents of the statement or otherwise establish the connection:

"Q: And you heard these officers testify about the car?

A: Yes, sir.

Q: Is what they said true?

A: Yes, sir.

Q: And you did sign this statement, is that right?

A: Yes, sir." Record at 41.

The State points to this testimony, as well as that of the police officer, as establishing a factual basis, citing *Stockey v. State* (1987) Ind., 508 N.E.2d 793, and *Snowe v. State* (1989) 4th Dist. Ind.App., 533 N.E.2d 613. The instant case is markedly different from *Stockey, supra.* In that case, the defendant admitted guilt and acknowledged and recounted the facts surrounding the crime.

The present case is more similar to that of *Snowe, supra.* In that case there was no indication from the record that a factual basis had been established. Conspicuously absent was evidence connecting the defendant to the crime charged. The court noted that there was no testimony by the defendant as to the facts underlying the charge, no reading of the charges coupled with an admission by the defendant, no reference to the probable cause affidavit, and no interchange between the trial judge and the defendant regarding the nature of the charge or the effect of the plea as an admission. The Fourth District concluded that there was an inadequate showing of a factual basis.

For the same reasons, we hold that the post-conviction court erred in concluding that a factual basis had been established sufficient to allow acceptance of Turner's guilty plea. As we have noted, nothing connecting Turner to the crime of theft was presented at the post-conviction hearing. The State points to Turner's acknowledgment of the truth of the investigating officer's testimony as establishing the fac-

tual basis. Yet nothing in that testimony related Turner to the crime of theft.

The State also proffers Turner's statement as establishing the factual basis. However, there is no probative evidence of record concerning the contents of that statement. The State asserts that "Sergeant White ... testified that after police recovered the car, he questioned Petitioner and Petitioner gave him a statement admitting that he had stolen the car." Brief of Appellee at 4. This is inaccurate; while the officer referred at the guilty plea hearing to a statement made by Turner, he did not describe the contents of the statement. He certainly never characterized it as an admission.

The State deems it dispositive that Turner's statement was admitted into evidence at the guilty plea hearing. This ignores the very important fact that the statement was not able to be produced for the post-conviction hearing. It is true that the loss or unavailability of this evidence does not, *per se*, require that Turner's plea be vacated. *Zimmerman v. State* (1982) Ind., 436 N.E.2d 1087. The petitioner must first attempt to reconstruct the record under Ind. Rules of Procedure, Appellate Rule 7.2(A)(3)(c) or demonstrate that the record cannot be reconstructed. *Zimmerman, supra; Wilburn v. State* (1986) 1st Dist. Ind.App., 499 N.E.2d 1173, *trans. denied.* Where the requisite showing is made, granting of post-conviction relief is appropriate. *Wilburn, supra,* 499 N.E.2d 1173, 1175. Here Turner's counsel made diligent efforts to reconstruct the record with regard to Exhibit One and sufficiently demonstrated that it could not be reconstructed. Attempts to locate the missing exhibit proved fruitless. Attempts to contact persons with knowledge of the whereabouts of the exhibit or with memory of the contents were met either with no response or the information that the particular individual was deceased. This is sufficient to conclude that Turner made the requisite attempt under A.R. 7.2(A)(3)(c).

The difficulties occasioned by the passage of time are illustrated by the futile attempts in the present case to reconstruct

the record. It is for this very reason that the affirmative defense of laches is available. The State had the option of asserting such a defense and in fact asserted laches in its answer. Yet the State did not present evidence of laches at the post-conviction hearing, nor raise the issue in its brief before this court. Therefore the State failed to preserve this defense for consideration on review. *Kissinger v. State* (1974) 2d Dist., 161 Ind.App. 303, 315 N.E.2d 423, 426; *Dixon v. State* (1972) 2d Dist., 154 Ind.App. 603, 290 N.E.2d 731, 736–737; *Stone v. State* (1983) 1st Dist. Ind.App., 444 N.E.2d 1214, 1216.

The judgment is reversed and the cause is remanded with instructions to enter an order granting post-conviction relief.

GARRARD, J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting:

I respectfully dissent.

### I.

I do not agree with the majority's conclusion that a factual basis was required for Turner's guilty plea to be accepted. Turner's plea was entered prior to the 1973 effective date of Ind.Code 35–4.1–1–4(b) (1973) [now Ind.Code 35–35–1–3(b)] which was the first statutory requirement that a factual basis be established before a guilty plea could be accepted. The majority cites *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501, for the proposition that a factual basis was required prior to the enactment of I.C. 35–4.1–1–4(b). I do not think so.

In *Harshman,* the supreme court considered a guilty plea entered by a defendant charged with vehicle taking who stated "I was drinking quite heavy that night. I don't remember taking the vehicle but there was so much evidence pointing against me, I certainly did take it. I don't remember driving it." *Harshman* at 620, 115 N.E.2d at 502. In allowing the defendant to withdraw his plea, the supreme court ruled:

"As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation. *We may add parenthetically that so far as the record before us discloses, no evidence whatsoever pointing to appellant's guilt was adduced, either before, during or after the entry of the plea.*"

*Id.* at 621, 115 N.E.2d at 502 (emphasis supplied).

The court also concluded that the trial court should have appointed counsel for the defendant and that the failure to appoint counsel had denied the defendant's constitutional rights. *Id.* The only language in the opinion that even faintly suggests a factual basis is needed before a guilty plea is accepted, is the court's parenthetical addendum to its determination that a plea from a defendant who claims not to know whether he is guilty is no plea at all. That brief addendum is ambiguous at best.

That dicta is more properly construed as suggesting that a trial court could accept a guilty plea from a defendant who claims he has no memory of the crime if there is *additional* evidence supporting the defendant's guilt. This is the current rule of law concerning guilty pleas from defendants who claim an inability to recall committing their crimes. *See Stockey v. State* (1987), Ind., 508 N.E.2d 793. Therefore, a "factual basis" might be needed *only if* a defendant also protests his innocence or claims an inability to recall committing the crime. As Turner did neither, a "factual basis" under *Harshman* is not required.

Further, construing the dicta in *Harshman* as the majority does is inconsistent with the law at the time *Harshman* was decided and at the time Turner pled guilty.

Prior to the enactment of I.C. 35–4.1–1–4(b), there was no requirement of a finding of guilty before a defendant could be sentenced upon a guilty plea. The supreme court, in *Hathaway v. State* (1968), 251 Ind. 374, 241 N.E.2d 240, observed:

"It is now well settled in Indiana law that upon a plea of guilty being entered, the court may render judgment and sentence.

'Upon a plea of guilty it is not error for the court to enter judgment upon the plea without a finding of guilty upon the plea of guilty. It has been held by this court that the trial court has nothing to do upon a plea of guilty but to fix the amount of punishment and render judgment or sentence accordingly, for the reason that the defendant by his confession of guilt makes a finding unnecessary. This is but following the rule practiced at common law. Upon reason a judgment must first have something upon which to rest, either upon a finding by the court or upon a verdict of a jury. A plea of guilty, according to authorities, has been held sufficient foundation upon which to rest a judgment. 4 Blackstone's Commentaries, 329; *Griffith v. State* (1871) 36 Ind. 406. * * * ' *Warner v. State* (1924), 194 Ind. 426, 143 N.E. 288. See also: *Witte v. Dowd, Warden* (1951), 230 Ind. 485, 102 N.E.2d 630; *Machibroda v. United States* (1962), 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

Our research has not indicated that this is not still an accurate statement of the law.

*Any arguments as to the sufficiency of the evidence are not relevant. When the appellant chose to plead guilty and to waive a trial he also chose to waive the protection of having the charge proved against him.* What must be considered is whether or not the plea was entered freely and understandingly. In order to determine this, we must look to the circumstances surrounding the entering of the plea.

Examination of the record reveals that the appellant appeared in court represented by counsel. The trial judge advised the appellant of the crime of which he was charged. When the trial judge asked the appellant how he wished to plead, guilty or not guilty, appellant's counsel entered a plea of guilty.

At this time the trial judge inquired as to whether the appellant had been promised anything to enter his guilty plea and he also advised the appellant that he wasn't required to plead guilty, but that he was entitled to have the charge proved against him by the State, and that he could have a trial by jury. The appellant stated that he had been in court before and that he understood the proceedings; that knowing all this, he wanted to plead guilty. The appellant said he had discussed this matter with his attorney. The court then accepted the appellant's plea of guilty.

It is manifest that the appellant was given ample opportunity to plead not guilty, and he, voluntarily, chose not to do so. We can see no way in which the trial judge acted improperly in this manner."

*Id.* 251 Ind. at 377–79, 241 N.E.2d at 242 (emphasis supplied).

The supreme court in *Hathaway* considered a factual situation substantially similar to the one before us. The defendant in *Hathaway*, like Turner, was claiming that the evidence was insufficient to support the court's finding. The supreme court unequivocally rejected that contention, and we should do the same.

There was no factual basis presented at the guilty plea hearing in *Hathaway*, and the supreme court determined that, in 1968, the law did *not* require a finding of guilty supported by any evidence before a guilty plea could be accepted. The majority's contention that a factual basis was a requirement before the enactment of I.C. 35–4.1–1–4(b) is therefore contrary to established supreme court precedent. The supreme court has consistently affirmed guilty pleas taken without a factual basis, *see Witte v. Dowd* (1951), 230 Ind. 485, 102 N.E.2d 630; *Warner v. State* (1924), 194 Ind. 426, 143

N.E. 288; *Griffith v. State* (1871), 36 Ind. 406.

## II.

Turner's other claims are similarly without merit. The rights and privileges he seeks to assert were not in effect at the time he pled guilty. Our supreme court has determined that *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, is not to be applied retroactively, *see Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560, and that the protections now afforded to minors are also unavailable for retroactive application. *See Weaver v. State* (1978), 269 Ind. 141, 378 N.E.2d 858.

Under the standard enunciated by the supreme court in *Hathaway*, it is clear Turner's guilty plea was voluntary and that the trial court properly accepted it. *Record* at 32–33. Turner has also failed to demonstrate his counsel was ineffective. Turner claims that his counsel was ineffective because he failed to advise him of his constitutional rights and that his counsel misled him about the crime to which he was pleading guilty.

The petitioner in a post-conviction proceeding bears the burden of establishing his claim by a preponderance of the evidence, and the post-conviction court is the sole judge of the evidence and the credibility of the witnesses. A reviewing court will not reverse the post-conviction court's judgment unless the evidence is undisputed and leads unmistakably to a conclusion opposite that reached by the post-conviction court. *Grey v. State* (1990), Ind., 553 N.E.2d 1196.

To succeed upon a claim of ineffective assistance of counsel, a defendant must demonstrate deficient performance by counsel that prejudiced him. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. The Court in *Strickland* determined that a showing must be made that counsel's performance was unreasonable under the prevailing professional norms. Applying this standard to Turner, because the advisement of constitutional rights was not required at the time Turner entered his guilty plea, Turner has failed to demonstrate his counsel's performance was unreasonable under the prevailing professional norms at that time.

As to Turner's claims that his counsel misled him, the transcript of the guilty plea hearing shows that the trial court informed Turner he was charged with theft and Turner's counsel entered a plea of "guilty as charged." *Record* at 32. The post-conviction court is the sole judge of the evidence, it could have chosen to disbelieve Turner's self-serving declarations that he thought he was pleading guilty to joy-riding. As the evidence is conflicting and does not lead inescapably to a conclusion opposite that reached by the post-conviction court, we should affirm the post-conviction court's judgment.