Roy TURNER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49S02–9111–PC–875.

Supreme Court of Indiana.

Nov. 4, 1991.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question is whether a 1965 guilty plea is subject to collateral attack on the basis that the record presently available does not satisfy the factual basis requirements of the 1973 statute on guilty pleas. We hold it is not.

In 1965, Roy Turner was charged with the felony of theft for stealing a car. He pled guilty as charged and received a six-month sentence.

In 1987, Turner filed a petition for post-conviction relief challenging the voluntariness of his guilty plea and the effectiveness of his lawyer. The post-conviction court held a hearing, after which it denied the petition. Turner appealed, and a divided Court of Appeals reversed. It held that a factual basis had not been established to justify acceptance of Turner's guilty plea by the trial court. *Turner v. State* (1991), Ind.App., 568 N.E.2d 1046. The State seeks transfer, contending that the Court of Appeals misinterpreted the law on guilty pleas as it existed in 1965. We agree.

### I.  Facts of the Case

At Turner's guilty plea hearing on December 22, 1965, the State presented evidence as follows. Kenneth Burton testified that on the evening of September 12, 1965, he drove his father's Chevrolet to an Indianapolis bowling alley. He left the car in the parking lot at 8:30 p.m., and discovered it missing at about 9:15 p.m. He further testified that he had never seen Turner before, nor given him permission to use the car. Kenneth Burton's father, Raymond Burton, then testified that he owned the car. The prosecutor also presented the investigating officer, Sergeant White, who testified that he interrogated Turner on October 16, 1965. White said that Turner gave him a statement, which was reduced to writing. The prosecutor did not pose any further questions about *what* Turner told Sergeant White. Instead, he offered the transcribed statement into evidence as State's Exhibit One. It was admitted without objection and examined by the court. At the conclusion of the State's presentation, Turner took the stand. Under questioning by his own attorney, Turner said the police officer's testimony was true, and that the statement given to Sergeant White bore his signature. The trial court then sentenced Turner to 180 days on the State Farm.

More than twenty years later, after being adjudged an habitual offender, Turner petitioned for post-conviction relief. While the transcript was being prepared, it was discovered that State's Exhibit One (Turner's statement) could not be located, despite all due diligence. The Court of Appeals concluded that without the statement, there is no evidence connecting Turner to the crime of theft. It reversed the judgment of the post-conviction court for want of a factual basis and remanded with instructions to grant post-conviction relief.

### II.  Guilty Pleas Prior to 1973

As Judge Buchanan noted in his dissent, Turner's plea was entered prior to the 1973

effective date of Indiana Code 35–4.1–1–4(b) [now Ind.Code 35–35–1–3(b)], which first established a statutory requirement that a factual basis be demonstrated before a guilty plea is accepted. *Turner,* 568 N.E.2d at 1050 (Buchanan, J., dissenting). Of course, even before the enactment of that statute, this Court adopted a number of safeguards to ensure that guilty pleas were entered voluntarily and intelligently. Two cases in particular, *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501, and *Hathaway v. State* (1968), 251 Ind. 374, 241 N.E.2d 240, illustrate the state of the law regarding guilty pleas before legislative action drew a brighter line.

In *Harshman,* this Court allowed the prisoner to withdraw his plea when the record of his guilty plea hearing showed he could not remember whether he took the vehicle he was accused of taking, and the record of that hearing did not contain any other evidence of his guilt. The Court said:

> As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation. We may add parenthetically that so far as the record before us discloses, no evidence whatever pointing to appellant's guilt was adduced, either before, during or after the entry of the plea. *Harshman,* 232 Ind. at 621, 115 N.E.2d at 502.

*Harshman* did not, as the Court of Appeals majority implied, create a factual basis requirement for all guilty pleas taken in this state since 1953. *Harshman* did establish

a rule that a court could not accept a guilty plea from a defendant who had no memory of the crime unless there was additional evidence supporting the defendant's guilt. This is the law today concerning pleas from defendants who claim an inability to recall committing their crimes. *Gibson v. State* (1986), Ind., 490 N.E.2d 297.

Fifteen years later, *Hathaway* presented this Court with a different question: Is a defendant who admitted he committed the charged crime and never claimed a lack of memory entitled later to withdraw his plea because the State did not present any other evidence that he committed the crime? The Court answered this question in the negative. We held that "a plea of guilty ... has been held sufficient foundation upon which to rest a judgment ... (citations omitted).[1] Any arguments as to the sufficiency of evidence are not relevant. When the appellant chose to plead guilty and to waive a trial he also chose to waive the protection of having the charge proved against him." *Hathaway,* 251 Ind. at 378, 241 N.E.2d at 242.

■ Turner argues that *Harshman* is controlling. Turner's situation differs from Harshman's, however, in important ways. Turner pled guilty as charged. At his guilty plea hearing, he never claimed that he could not remember the crime. Harshman, on the other hand, could not remember if he took the car, but was allowed to plead guilty in the absence of any other evidence. That did not happen here.

This case is much more like *Hathaway.* Actually, we have a little more than we found adequate in *Hathaway:* a guilty plea and a strong suggestion that Turner gave the court an inculpatory statement.[2] Turner pled guilty as charged—like Hathaway—without a hint of insufficient memory. Like Hathaway, he now alleges insuffi-

---

1. Of course, this is no longer good law after enactment of the 1973 statute requiring a factual basis in all guilty pleas.

2. The record taken as a whole leaves little doubt that the trial judge heard evidence establishing Turner's guilt. He did, after all, review Turner's signed statement offered by the State during the

guilty plea hearing. Common sense dictates the most elementary deduction: that the missing statement contained an admission of guilt. *If* the modern rule about establishing a factual basis applied to this case, the loss of Turner's statement a quarter century later would make meeting the rule difficult.

cient *evidence*. As we ruled in *Hathaway*, however, arguments as to the sufficiency of evidence are not relevant, so long as the plea was entered freely and understandingly. Because Turner's plea falls within the rule announced in *Hathaway*, the post-conviction court was correct in declining to set aside his plea on grounds that the evidence before the original trial court did not satisfy the 1973 statute.

We turn now to the remainder of Turner's claims left undecided by the Court of Appeals after it found the factual basis issue dispositive.

### III. Plea Not Knowing and Voluntary

■ Turner contends that even if the missing statement could be located, it could not be used against him because he was several days short of his eighteenth birthday at the time he made it and was not given the opportunity to consult with his parents. These defects render the statement inadmissible and the subsequent plea unknowing, unintelligent and involuntary, Turner argues, citing *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138.

In *Lewis*, we reversed the murder conviction of a seventeen-year-old who had confessed to the crime without consulting with his mother, with whom he resided. We held that a juvenile's confession cannot be used against him unless both he and his parents or guardian were informed of his rights to an attorney and to remain silent. "Furthermore, the child must be given an opportunity to consult with his parents, guardian or an attorney representing the juvenile as to whether or not he wishes to waive those rights." *Lewis*, 259 Ind. at 439, 288 N.E.2d at 142. As Turner noted in his own brief filed with the Court of Appeals, however, we have held that the *Lewis* rule is not to be applied retroactively. *Weaver v. State* (1978), 269 Ind. 141, 378 N.E.2d 858. It is thus not applicable to his 1965 guilty plea.

■ Turner further contends that he was not fully advised by the court of his constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This claim is also with-

out merit, for we long ago held that *Boykin* is not to be applied retroactively. *See Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560.

### IV. Ineffective Assistance of Counsel

Finally, Turner claims he was denied effective assistance of counsel. He alleges that his attorney, now deceased, failed to advise him fully of his constitutional rights before he pled, and that counsel misled him into thinking he was pleading guilty to a misdemeanor.

■ To succeed upon a claim of ineffective assistance of counsel, a defendant must demonstrate deficient performance by counsel that prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. A defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms. Turner's guilty plea pre-dated *Boykin* by four years. Even assuming that Turner's attorney failed to enumerate all the *Boykin* rights for his client, we cannot say that his performance was unreasonable under the professional norms which prevailed in 1965.

■ As for Turner's claims of being misled by counsel, a petitioner in a post-conviction proceeding bears the burden to prove the grounds for relief by a preponderance of the evidence. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. The post-conviction court possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. On review, the court's ruling will not be set aside unless the evidence is without conflict and leads solely to a different result. *Id.* The transcript of the guilty plea shows that the trial court informed Turner: "The charge is theft." Record at 32. Turner's counsel entered a plea of "guilty as charged." Record at 32. The post-conviction court chose not to believe Turner's self-serving declarations that he thought he was pleading guilty to the misdemeanor of joy-riding. Under the standard of review

enunciated for post-conviction cases, we will not disturb that finding of fact.

We grant transfer and vacate the decision of the Court of Appeals. The post-conviction court is affirmed.

GIVAN, DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Despite the fact that during the period prior to 1973, there was no rule or statute expressly requiring a judge in accepting a plea of guilty in a felony case to address the defendant and to take evidence to establish a factual basis when receiving a guilty plea, many judges did so. In so doing, judges were responding to: (1) the great importance accorded the integrity of plea proceedings by Rule 1–11 of this Court, first effective in 1946, requiring an immediate written transcript of them; (2) the close factual scrutiny required for approval of some civil settlements, and (3) case law which required a judge to insure that a plea of guilty was made both voluntarily and with an actual awareness of the consequences. *Batchelor v. State* (1920), 189 Ind. 69, 125 N.E. 773. *Mislik v. State* (1915), 184 Ind. 72, 110 N.E. 551. With respect the Rule 1–11, this Court has said:

> One of the reasons for the adoption of Rule 1–11 *supra*, by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack.

*Campbell v. State* (1951), 229 Ind. 198, 202, 96 N.E.2d 876, 877. With respect to civil settlements this Court stated that:

> By the great weight of authority it has repeatedly been held that a court may set aside a consent judgment following a compromise of a minor's claim where

there has been no real examination of the facts to determine whether the settlement is for the best interest of the minor.

*Dearing v. Speedway Realty Co.* (1942), 111 Ind.App. 585, 594, 40 N.E.2d 414, 417.

The marriage of the plea record and the post-conviction record should produce a judgment favorable to appellant, even under imprecise legal standards applicable in 1965. Appellant was represented by counsel, but was only seventeen years old. The trial court determined only that appellant knew his right to trial by jury or by court and that he had not been promised or threatened. There was no record of any advice of other rights having been given by the Court or by counsel. A statement of appellant to police was presented to the Court. Defense counsel did tender a "plea of guilty as charged." The charging instrument was formalistic and obtuse. At the post-conviction hearing the prosecutor believed that the defendant had pleaded guilty to joy riding, a misdemeanor.

Despite the absence of any express "factual basis" requirement applicable to all felony plea proceedings, the facts and circumstances and inferences from the proceedings that were readily apparent to the judge receiving this plea imposed a special duty on him to require a "factual basis", that is, to get to know what appellant's conduct had been so that it might be considered in relation to the charged crime. I agree with the Court of Appeals majority that the combined records support the claim that appellant's "plea of guilty as charged" when the charge recited that he "knowingly ... obtained and exercised unauthorized control over a certain vehicle ... intending to deprive [its owner] ... permanently of the use and benefit of said property" was not voluntary. I would grant post-conviction relief in the form of permission to withdraw the plea of guilty.